provision therefor in paragraph 719, as amended, *supra*, dutiable thereunder at one-fourth of 1 cent per pound, as claimed.

The protest is sustained and judgment will be rendered accordingly.

BEFORE THE THIRD DIVISION, FEBRUARY 16, 1950

No. 54031.—Denebeim Distilling Co. et al. *v.* United States, protests 112099–K, etc. (St. Louis).

Opinion by JOHNSON, J.  For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 54032.—French Italian Wine Co., Inc., et al. *v.* United States, protests 117174–K, etc. (New York).

Opinion by JOHNSON, J.  For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 54033.—Browne Vintners Co., Inc., et al. *v.* United States, protests 133039–K, etc. (New York).

Opinion by JOHNSON, J.  For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 54034.—Nicholas & Co., Inc. *v.* United States, protest 136045–K (Philadelphia).

Opinion by JOHNSON, J.  For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

No. 54035.—Empire Twine & Yarn Co., Inc., and Antonio Piccini *v.* United States, protests 140509–K and 138078–K (New York).

Opinion by JOHNSON, J.  At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers.  In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties.  The protests were sustained to this extent.

**No. 54036.**—M. G. Krohn & Co., Inc., and Uddo & Taormina Co. v. United States, protests 144446–K and 144759–K (New York).

Opinion by JOHNSON, J.  At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers.  In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties.  The protests were sustained to this extent.

**No. 54037.**—Brauner & Co. v. United States, protest 150324–K (New York).

Opinion by JOHNSON, J.  At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners & Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer.  In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties.  The protest was sustained to this extent.

**No. 54038.**—Copeland & Thompson, Inc. v. United States, protest 142346–K (New York).

Opinion by JOHNSON, J.  At the trial it was stipulated that cask No. 7864 was landed in bad order and upon examination was found to contain 31 wrapped packages, whereas the invoiced quantity of the cask indicated that 51 packages were shipped; that the 20 packages reported short by the inspector were not received in any other package covered by the entry; and that the issues herein are the same as those the subject of *United States* v. *Washington State Liquor Control Board* (34 C. C. P. A. 118, C. A. D. 352).  In accordance with stipulation and following the decision cited it was held that duty is not assessable upon said 20 packages of chinaware figures indicated as short in the report of the discharging inspector.  The protest was sustained to this extent.

**No. 54039.**—Balex Co., Inc., et al. v. United States, protests 138098–K, etc. (New York).